IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| FACTORY 2-U STORES, INC., a/k/a | ) | Chapter 7 |
| FACTORY 2-U, f/a/k/a GENERAL | ) | |
| TEXTILES, INC., f/a/k/a GENERAL | ) | Case No. 04-10111 (PJW) |
| TEXTILES, f/a/k/a FAMILY BARGAIN | ) | |
| CORPORATION, f/a/k/a FAMILY | ) | |
| BARGAIN CENTER, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| JEOFFREY L. BURTCH, | ) | |
| CHAPTER 7 TRUSTEE, | ) | |
| | ) | |
| | ) | Adv. Pro. No. 05-52503(KJC) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PROCESSED PLASTIC COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into between Jeoffrey L. Burtch, Esquire, the Chapter 7 Trustee (the "Trustee" and/or "Plaintiff") for the estate of Factory 2-U Stores, Inc. (the "Debtor", the "Estate" and/or "Factory 2-U"), and William A. Brandt, Jr. (the "Assignee"), assignee for the benefit of Creditors of Processed Plastic Company ("PPC"), the above-referenced Defendant. The parties agree as follows:

1. On January 13, 2004 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., as amended

(the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2. This case converted to a case under Chapter 7 on January 27, 2005. [Docket 1757 (Order)]. Jeoffrey L. Burtch was appointed as interim trustee on January 27, 2005 (the "Interim Trustee"), pursuant to Section 701 and is serving as the Trustee of this Estate pursuant to Section 702(d) of the Bankruptcy Code. [Docket 1759].

3. The Trustee has analyzed all readily available information of the Debtor. Those records indicate that in the 90 days preceding the Chapter 11 filing, the PPC allegedly received preferential transfers totaling $64,887.00 (the "Alleged Transfers").

4. The Trustee has demanded the amount of $64,887.00 (the "Claim") from PPC; PPC disputes the Claim and has provided the Trustee with support for its position. Subsequent analysis showed that PPC has potential defenses including ordinary course and new value as those defenses are afforded by the Bankruptcy Code.

5. The Trustee and PPC have agreed to resolve the Claim as described below.

6. The Trustee agrees to accept, the Assignee agrees to provide to the Trustee an allowed general, unsecured claim against PPC (the "PPC Claim") in the Illinois Assignment for the Benefit of Creditors of PPC in the amount of $32,443.50 (the "Settlement Amount"). Within twenty days of receipt of the Settlement Agreement, the Assignee shall forward a written confirmation of the PPC Claim to the Trustee (the "Written Confirmation"). Additionally, Assignee on behalf of PPC agrees to waive its claim (Proof of Claim number 1411) against the Estate in the amount of $30,462.50.

7. If the Written Confirmation is not made in compliance with the deadline stated in paragraph six above, interest shall accrue at the legal rate. Alternatively, if the Written Confirmation

is not made in compliance with the deadline stated in paragraph six above, the Trustee, in his sole discretion, may consider this agreement null and void.

8. In the event that this Settlement Agreement shall become null and void pursuant to paragraph 8, neither the terms and statements contained in this Settlement Agreement, nor any correspondence between the parties which was related to the negotiation, drafting or approval of this Settlement Agreement, shall be argued nor deemed to be an admission against either party's interest in any litigation between the parties.

9. PPC waives the right under 11 U.S.C. § 502(h) and Fed. R. Bankr. P. 3002(c)(3) to file a proof of claim for the Settlement Amount.

10. Effective immediately upon receipt of the Written Confirmation by the Trustee, the Assignee on behalf of PPC, and its successors, assigns and agents, fully and forever releases and discharges the bankruptcy Estate, the Trustee, and his employees, officers, directors, agents and attorneys, from all claims, causes of action, rights, liabilities, obligations, lawsuits and demands of any kind, known or unknown, asserted or unasserted, through the Settlement Date.

11. Effective immediately upon receipt of the Written Confirmation by the Trustee of the Settlement Amount to the Trustee, the Trustee, on his own behalf and on behalf of the Estate, and his successors, assigns and agents, fully and forever release and discharge the Assignee, PPC, and their employees, officers, directors, agents and attorneys, from all claims, causes of action, rights, liabilities, obligations, lawsuits and demands arising out of any issue related to the above captioned adversary proceeding, through the Settlement Date.

12. The Trustee and the Assignee each acknowledge that this Settlement Agreement is a compromise of a disputed claim, and is not to be construed as an admission of liability by either party.

13. This Settlement Agreement constitutes the whole agreement of the parties hereto with respect to the subject matter hereof and may not be modified orally. This Settlement Agreement may only be modified or amended by the written consent of all the parties and with any necessary Bankruptcy Court approval.

14. The parties represent and acknowledge that, in executing this Settlement Agreement, they do not rely and have not relied upon a representation or statement made by any party or any of its agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of this Settlement Agreement, other than as specifically stated in this Settlement Agreement.

15. The parties further declare that, in making this Settlement Agreement, they rely entirely upon their own judgment, beliefs and interest and, where applicable, the advice of their own counsel (for whose expense each shall be solely responsible) and that they each have had a reasonable period of time to consider this Settlement Agreement.

16. Each person whose signature appears hereon individually represents and warrants to all parties hereto that he or she has been duly authorized, and has full authority, to execute this Agreement on behalf of the entity on whose behalf this Settlement Agreement is executed.

17. This Settlement Agreement shall not be construed against the party preparing it, but shall be construed as if all parties jointly prepared it and any uncertainty or ambiguity shall not be interpreted against any party.

18. In the event any material provision of this Settlement Agreement is not approved and is not in full force and effect, this Settlement Agreement shall be null and void unless the parties agree otherwise in writing.

19. This Settlement Agreement may be executed in any number of counterparts and by facsimile, each of which shall be an original, with the same effect as if the signatures hereto were upon the same instrument.

20. This Settlement Agreement shall be effective upon execution by the Assignee and the Trustee, and subject only to any necessary approval by the Bankruptcy Court. After the parties to this agreement have executed this document and the Trustee has received the Written Confirmation, the Trustee will proceed to file any necessary papers in the United States Bankruptcy Court for the District of Delaware to obtain Court approval. **After Court approval of the settlement, the Trustee will file any necessary papers in the United States Bankruptcy Court for the District of Delaware to dismiss the complaint in the above captioned adversary proceeding with prejudice.**

*(The rest of this page intentionally left blank)*

I have read, understand, and agree to the terms of this Settlement Agreement.

_____
Brian Audette, Esquire for
William A. Brandt, Jr., as Assignee for the
Benefit of Creditors of Processed Plastics
Company

Dated: 5/24/06

_____
Jeoffrey L. Burtch, Chapter 7 Trustee for
Factory 2-U Stores, Inc.
824 Market Street Mall, Suite 1000
Wilmington, DE 19801

Dated: 5/30/06

6